UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR S. HULL, JR, #828926,

        Petitioner,

                              CASE NO. 2:22-CV-11318
v.                            HON. GEORGE CARAM STEEH

MATT MACAULEY,

        Respondent.
_____/

**OPINION & ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Omar S. Hull, Jr. ("petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal convictions and sentences. The Court has granted him leave to proceed in forma pauperis. The petitioner pleaded guilty to carjacking, carrying a concealed weapon, and possession of a firearm during the commission of a felony in the Genesee County Circuit Court and was sentenced, as a fourth habitual offender, to concurrent terms of 12 to 30 years imprisonment and a consecutive term of 2 years imprisonment on those convictions in August, 2021. In his pleadings, he

raises claims concerning the use of a witness's statement/testimony and the validity of his sentence. For the reasons stated, the Court dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II.  Analysis

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Id., Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. Carson v. Burke, 178 F.3d 434, 436-37 (6th Cir. 1999).

It is well-settled that a prisoner filing a habeas petition under 28

U.S.C. §2254 must first exhaust all state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); see also Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (citing McMeans). The claims must be presented to the state courts as federal constitutional issues. Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must seek relief in both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); see also Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a prisoner must exhaust available state remedies before seeking federal habeas review. Granberry v. Greer, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion.

Rust, 17 F.3d at 160.

In this case, the petitioner states, in conclusory fashion, that he has exhausted all state remedies. The petitioner, however, does not cite any filings or decisions from the Michigan Court of Appeals or the Michigan Supreme Court. The Court's own search of online state court databases reveal no such filings. The petitioner thus fails to meet his burden of demonstrating exhaustion of state court remedies.[1]

The petitioner has an available state court remedy to challenge his convictions and sentences which must be exhausted before he seeks federal habeas review. He may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue his claims through both of the Michigan appellate courts as necessary. Federal law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication of his or her claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined

---

[1] If the petitioner has, in fact, exhausted state court remedies before filing this action, he may present such evidence to the Court and move to reopen this case. If he has not done so before filing this action, this case will not be reopened should he subsequently exhaust state court remedies. At that point, his proper recourse will be to file a new habeas action in accordance with the federal rules.

by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon the petitioner's claims before he can present them in federal court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254. His unexhausted claims should be addressed to, and considered by, the state courts in the first instance.

A federal court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present the unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. Rhines v. Weber, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." Id. at 277.

The petitioner does not request a stay nor indicate that his circumstances justify a stay. Moreover, a stay is inappropriate. None of the petitioner's habeas claims appear to be exhausted. The Court cannot

ordinarily stay a petition containing only unexhausted claims. In such a case, a non-prejudicial dismissal of the petition is appropriate. See Hines v. Romanowski, No. 2:14-CV-13983, 2014 WL 5420135, *2 (E.D. Mich. Oct. 22, 2014) (dismissing case where all claims were unexhausted); Wilson v. Warren, No. 06-CV-15508, 2007 WL 37756, *2 (E.D. Mich. Jan. 4, 2007) (finding a stay to be inappropriate because all of the petitioner's claims were unexhausted); accord Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (Rhines stay and abeyance rule does not apply to a petition alleging only unexhausted claims); United States v. Hickman, 191 F. App'x 756, 757 (10th Cir. 2006) ("[t]raditionally, when a petition contains entirely unexhausted state claims, the petition would be dismissed without prejudice...."); McDonald v. Bell, No. 1:06-cv-406, 2009 WL 1525970 (W.D. Mich. June 1, 2009) (concluding that the stay and abeyance procedure does not apply to a petition containing only unexhausted claims); Mimms v. Russell, No. 1:08-cv-79, 2009 WL 890509 (S.D. Ohio March 31, 2009) (habeas petition subject to dismissal where petitioner did not exhaust state court remedies on any of his claims); Murphy v. Feneis, No. 07-153, 2007 WL 2320540, *7 (D. Minn. Aug.10, 2007) ("Given the narrow issue before the Supreme Court regarding mixed petitions, this Court refuses to extend

Rhines to allow a court to stay a habeas petition, so that a petitioner can exhaust his state remedies, where, as here, the petition contains only unexhausted claims."). Given such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the habeas petition is appropriate.

### III. Conclusion

For the reasons stated, the Court concludes that the petitioner has not exhausted his habeas claims in the state courts before filing this action and that a stay is unwarranted. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits of the petitioner's claims.

Before the petitioner may appeal, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. Slack v.

McDaniel, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal cannot be taken in good faith. FED. R. APP. P. 24(a). Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal. This case is closed.

**IT IS SO ORDERED**.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: June 21, 2022

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 27, 2020, by electronic and/or ordinary mail and also on Omar S. Hull Jr. #828926, Bellamy Creek Correctional Facility, 1727 West Bluewater Highway, Ionia, MI 48846.

s/Brianna Sauve
Deputy Clerk